UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY EDWARD JACKSON,

        Plaintiff,

v.                                                  Case No. 22-cv-461-pp

DISTRICT ATTORNY GREENE,
L. LASES, and J. FOSS DAVIS,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

        On April 4, 2022, plaintiff Tommy Edward Jackson, who is incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights when they brought what he asserts were unfounded charges against him. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. This order resolves the motion for leave to proceed without prepayment of the filing fee and screens the complaint.

        This case previously was assigned to Magistrate Judge Nancy Joseph. Because the court has not yet ordered the complaint to be served on the defendants, they don't know that the plaintiff has sued them, and they haven't had a chance to decide whether to consent to Judge Joseph's authority to decide the case. The clerk's office reassigned the case to this district judge to consider whether to dismiss the case.

**I.     Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 14, 2022, the plaintiff filed the motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. On April 29, 2022, the court waived payment of the initial partial filing fee. Dkt. No. 6. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    Federal Screening Standard

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when his case was removed to federal court. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

3

B. The Plaintiff's Allegations

The plaintiff alleges that three Brown County district attorneys—Greene, L. Lases and J. Foss Davis—violated his constitutional rights. Dkt. No. 1 at 2. He asserts that Lases "bond[ed] [him] over without an [sic] witness or investigation on some he[a]rsay that never happen[ed] that cause[ed] [him] 11 months of lost time." Id. at 2. He claims that Greene charged him with a false crime and false imprisonment on "fake charges of intimidation of a witness and comtempting [sic] court order, which is a lie." Id. He says that Greene could not prove "without a reasonably [sic] doubt" that the plaintiff violated a court order. Id. Finally, he alleges that J. Foss Davis "bond [him] over" on allegations that were not 100% true. Id.

The plaintiff marked the box on the complaint that indicated he was suing under state law in a case where he was a citizen of a different state from the defendants and the amount in controversy was $3.5 million dollars. Id. at 3. He asks the court to terminate the duty "of these people's for lack of professional work," emphasizing the emotional and physical toll the alleged false charges have had on him. Id.

C. Analysis

The plaintiff's claims, and the timing of his complaint, imply that he may have been charged in state court. The public docket shows that on July 8, 2021, the plaintiff was charged in Brown County Circuit Court with misdemeanor battery, disorderly conduct, criminal damage to property and bail jumping related to a domestic violence incident. State v. Jackson, Case No.

4

2021CM000562 (Brown County Circuit Court), available at

https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CM000562&countyNo=5&index=0&mode=details. On the date of the plaintiff's initial appearance in that case (July 8, 2021), the special prosecutor who appeared on behalf of the state was "Lawrence Lasee." Id. That case remains pending; there is a plea hearing scheduled for September 15, 2022 at 3:30 p.m. Id. On August 26, 2021, the plaintiff was charged with misdemeanor contempt of court/disobeying an order, misdemeanor bail jumping and felony intimidating a victim/domestic abuse. State v. Jackson, Case No. 2021CF001489 (Brown County Circuit Court), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF001489&countyNo=5&index=0&mode=details. The prosecutor who appeared at the August 26, 2021 initial appearance was "Kevin Greene." Id. As in the misdemeanor case, there is a plea hearing scheduled for September 15, 2022 at 3:30 p.m. Id.

The district attorney for Brown County is David L. Lasee. https://www.browncountywi.gov/government/district-attorney/general-information/. The web site for the State Bar of Wisconsin shows that Attorney J. Foss Davis is employed by the Brown County District Attorney's Office. https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1105914.

District attorneys and assistant district attorneys are prosecutors, and a prosecutor has absolute immunity from §1983 claims "for conduct that relates to his role as an advocate for the state." Olson v. Champaign Cty., Ill., 784 F.3d

5

1093, 1102 (7th Cir. 2015). Such immunity "turns on the nature of the function performed, not the identity of the actor who performed it." Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

The plaintiff alleges that Green, Lases and Davis had him charged and bound over on false charges that they could not prove. He has not explained why he believes that the charges were false or why he believes the prosecutors knew that they could not prove them. The missing information is important; if the defendants intentionally brought false charges against someone knowing that they did not have the facts to prove them, that would not constitute conduct relating to their roles as advocates for the state. Without that information, the court cannot determine whether the plaintiff can state a claim against otherwise immune defendants.

Normally, the court would allow the plaintiff to amend his complaint to provide the missing information. That would be futile in this instance, however, because there is another problem with the plaintiff's complaint. As the court has explained, there are two ongoing criminal cases against the defendant that resulted from the conduct he claims violated his rights.

> . . . *Younger v. Harris*, 401 U.S. 37 . . . (1971) . . . holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). [The plaintiff's] claims of damages . . . involve constitutional issues that may be litigated during the course of his criminal case, see *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1994); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Deciding those issues in federal court could undermine the state court proceeding, see *Simpson*, 73 F.3d at 138.

6

Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013).

The plaintiff has a place to challenge the prosecutors' conduct—Brown County Circuit Court. He may, if he chooses to do so, argue to the judges in the state cases that there is no evidence to support the charges the prosecutors brought. He may argue that the prosecutors acted unlawfully and that the charges should be dismissed. That means that it would be premature for this court to consider his claims, and it means that this court cannot intervene in the state criminal proceedings. If, after the state cases have been fully resolved (including any appeals), the plaintiff believes that the defendants acted unlawfully and violated his constitutional rights, he may file a federal lawsuit at that time.

Because the defendants may be immune from suit and because the plaintiff's federal civil rights lawsuit is premature, the court will dismiss the complaint.

### III. Conclusion

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepaying the filing fee is **GRANTED**. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency having custody of the plaintiff must collect from his institution trust account the **$350** balance of the filing fee by

7

collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution

The court **ORDERS** that the Clerk of Court must document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

8

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**